IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PRESTON WOOD & ASSOCIATES, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. 4:18-cv-452 |
| v. | § | |
| | § | Jury Trial Demanded |
| SURFACE PROPERTIES INVESTMENT FUND III, LP, *et al.*, | § | |
| | § | |
| | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S MOTION FOR SANCTIONS**

Plaintiff Preston Wood & Associates, LLC ("PWA") moves for sanctions against Defendant UL, Inc. d/b/a Urban Living and d/b/a Urban Project Management and Defendant Vinod Ramani (collectively, the "Urban Living Defendants") for their failure to comply with this Court's Order on Plaintiff's Motion to Compel (Docket Entry No. 56, hereinafter the "Order") and would respectfully show to the Court the following:

**I. Background and Nature and Stage of the Case.**

This is an action for copyright infringement. PWA is the author of four designs for single family townhomes, and the owner of copyrights in these architectural works. Defendants have constructed, marketed, advertised, and sold houses based on PWA's designs without PWA's authorization.

On April 8, 2019, the Court heard Plaintiff's Motion to Compel. The Court signed its Order during at the conclusion of the hearing, and it was entered on the same day. (Docket Entry No. 56). A copy of the Order is attached to this Motion as Exhibit 1. The Order compelled the Urban Living Defendants to provide additional responses and responsive documents to three

1

interrogatories and four requests for production, and further compelled the Urban Living Defendants to cooperate in obtaining documents from two third parties in response to PWA's subpoenas. The time allowed for the additional discovery responses has passed, and and the Urban Living Defendants have not served the required responses and documents.

The Urban Living Defendants' refusal to comply with discovery obligations and the Court's April 8, 2019 Order has caused multiple delays in the completion of discovery in this case. PWA served this discovery on the same day that the parties filed their Amended Joint Discovery/Case Management Plan, June 8, 2018. (Docket Entry No. 18). The original Docket Control Order, signed one week later, set a discovery cutoff of January 31, 2019 and docket call on April 12, 2019. (Docket Entry No. 22). Because the Urban Living Defendants had not responded to PWA's discovery, PWA file an unopposed motion to extend the expert designation deadlines, which the Court extended on September 27, 2018. (Docket Entry Nos. 26, 27). After the first hearing on PWA's Motion to Compel was passed, the parties file an agreed motion to amend the scheduling order, which the Court did on January 24, 2019. (Docket Entry Nos. 48, 49).

As a result, the discovery period is currently set to end on May 14, 2019, and docket call is set for July 16, 2019. *Id.* Had the Urban Living Defendants fully responded to PWA's discovery as ordered by the Court, these deadlines should have been met, but without the web site traffic and email discovery, PWA cannot take the depositions of witnesses on a core issue in this case. As permitted by Fed. R. Civ. P. 37(b)(2)(A)(iv), PWA therefore moves for a stay of all proceedings until the Urban Living Defendants have fully complied with all orders of the Court in connection with the April 8, 2019 Order and this Motion for Sanctions.

### III.  Issues to be Ruled on by the Court.

Whether the Court should sanction the Urban Living Defendants pursuant to Fed. R. Civ.

2

P. 37(b)(2) for failure to comply with the Court's April 8, 2019 Order.

In deciding whether to impose sanctions under Rule 37, the Court should consider: (1) the bad faith or willfulness of the conduct; (2) the proportionate punitive value of the sanction; (3) the sanction's deterrent effect even beyond the litigation at hand; (4) the prejudice suffered by the opposing party; and (5) whether the sanctionable conduct is attributable to the party or his representatives. *Chilcutt v. United States*, 4 F.3d 1313, 1320 (5th Cir. 1993). A district court's imposition of sanctions under Rule 37 is reviewed for abuse of discretion.

### III. PWA's Discovery Efforts, the Court's April 8, 2019 Order Compelling Additional Responses, and the Urban Living Defendants' Failure to Comply with the Order.

PWA served interrogatories and requests for production on the Urban Living Defendants on June 8, 2018. (Docket Entry Nos. 32, 32-1, 32-3). The parties agreed that responses would not be due until the conclusion of the *PWA v. RZ Enterprises* trial, which ended on August 30, 2018. (Docket Entry No. 32-7, ¶¶ 3-4). For the next two months, PWA's counsel tried to get the Urban Living Defendants to respond. (*Id.* at ¶¶ 5-8). The Urban Living Defendants finally served written responses on November 1, 2018. (Docket Entry Nos. 32-2, 32-4). Many were not responsive, and the request for production responses were largely illegible. (Docket Entry Nos. 32, 32-3, 32-7 at ¶¶ 10-12).

#### A.     PWA's Motion to Compel.

PWA filed its Motion to Compel on Nov. 12, 2018. (Docket Entry No. 32). After PWA filed its motion, the Urban Living Defendants served amended responses that still did not provide the information requested. (Docket Entry No. 40). This motion was referred to the United States Magistrate Judge and set for hearing on January 16, 2019. (Docket Entry Nos. 43, 44). In an informal conference, the Court obtained the agreement of the Urban Living

3

Defendants to try to resolve the issues and cooperate with PWA in obtaining compliance with subpoenas to two of Urban Living Defendants third party providers of web site and email services. These subpoenas would not have been necessary if the Urban Living Defendants had produced their web site traffic and email documents and obtained the documents from their providers, as material under Defendants' control. When this did not occur, PWA asked that the Motion to Compel be reset, and it was heard on April 8, 2019.

### B.  The Court's Order Compelling Discovery and Cooperation with Subpoenas.

On April 8, 2019, the Court heard Plaintiff's Motion to Compel. The Court signed its Order at the end of the hearing while all counsel for both PWA and the Urban Living Defendants were present, and the Order was entered after the hearing. (Docket Entry No. 56). A copy of the Order is attached to this Motion as Exhibit 1.

### C.  The Urban Living Defendants Failed to Comply with the Order that they Fully Respond to Three Interrogatories and Four Requests for Production.

The Court ordered Defendant UL, Inc. d/b/a Urban Living and d/b/a Urban Project Management and Defendant Vinod Ramani (collectively, the "Urban Living Defendants") to make the following discovery responses:

> 1. Within __21__ days of this Order, the Urban Living Defendants shall fully respond to PWA's Interrogatories Nos. 1, 2 and 7.
>
> 2. Within __21__ days of this Order, the Urban Living Defendants shall fully respond to PWA's Requests for Production Nos. 1, 4, 11 and 15.

*Id.* The 21 days provided in the Order required compliance by Monday, April 29, 2019. To date, the Urban Living Defendants have not served any additional responses to these interrogatories and requests for production, and have not produced all of the additional documents as ordered by the Court.

4

> **D.     The Urban Living Defendants Failed to Timely Comply with the Order that they Cooperate with Subpoenas to their Internet and Email Providers.**

The Court also ordered the Urban Living Defendants to take certain actions in connection with subpoenas that PWA served on two third parties, Constant Contact, Inc. and Google LLC. (Docket Entry No. 56, ¶¶ 4-6). The Urban Living Defendants did not timely comply with these paragraphs of the Order.

The third paragraph of the Order stated:

> 3.     The Urban Living Defendants shall immediately upon receipt of this order, produce all documents that Constant Contact, Inc. produced to counsel for the Urban Living Defendants in response to PWA's subpoena to Constant Contact, Inc.

(Docket Entry No. 56). The Order was served on all counsel via PACER on April 8, 2019. The Urban Living Defendants did not produce the documents they had received from Constant Contact until April 17, 2019.

The last two paragraphs of the Order stated:

> 5.     The Urban Living Defendants shall, immediately upon receipt of this order, produce all Google account numbers and identify all websites of the Urban Living Defendants and any affiliated entities and individuals, including all assumed names of all such entities and individuals.
>
> 6.     The Urban Living Defendants shall provide any additional information, approvals or permissions requested by PWA or Google LLC to allow complete compliance with PWA's subpoena to Google LLC.

(Docket Entry No. 56). Regarding Paragraph 5, the Urban Living Defendants produced a second account number the next day, on April 9, 2019. They produced an email address associated with that account number on April 11, 2019, three days after the date of the Order.

PWA's counsel had previously communicated with Google regarding the form of an Agreed Order that Google wanted before it would produce the requested materials. On April 3, 2019, counsel for PWA forwarded such a proposed form of such an order to counsel for the

5

Urban Living Defendants, requesting whether this form or order was acceptable. On April 5, 2019, counsel for PWA left messages for counsel for the Urban Living Defendants renewing this request. Counsel for the Urban Living Defendants did not respond to these inquiries. On April 23, 2019, PWA's counsel emailed an updated form of agreed order to counsel for the Urban Living Defendants, again asking for approval to file or for comments. Counsel for the Urban Living Defendants did not respond. Counsel for PWA was ultimately able to speak with counsel for the Urban Living Defendants on April 30, at which time counsel indicated that he would deal with the matter that morning. He did not do so, but did provide a revised form of order on May 1, 2019, which was accepted and filed by PWA's counsel on May 3, 2019. (It has not been entered as of the filing of this motion.)

### IV. The Court Should Impose Appropriate Sanctions on the Urban Living Defendants.

This Court is unfortunately familiar with discovery abuse and its responsibility to make orders under Rule 37 to correct and deter discovery abuse. In *Certain Underwriters at Lloyd's of London v. Corp. Pines Realty Corp.*, Civil Action No. H-06-3361, 2008 U.S. Dist. LEXIS 73985 (S.D. Tex. Sep. 25, 2008), the Court said:

> The court has discretion under both the Federal Rule of Civil Procedure 37 and its inherent powers to sanction a party for discovery abuse. *Coane v. Ferrara Pan Candy Co.,* 898 F.2d 1030, 1033 (5th Cir. (1990). Rule 37(b)(2)(C) authorizes a court to strike a party's pleadings or enter a default judgment as a sanction for failing to comply with a discovery order. Such a dismissal of a claim is warranted only when the failure to comply results from willfulness or bad faith and where the deterrent value of Rule 37 cannot be achieved by less drastic means. *Smith v. Smith,* 145 F.3d 335, 344 (5th Cir. 1998)(citing *Bluitt v. Arco Chem. Co.,* 777 F.2d 188, 190 (5th Cir. 1985)). Deliberate, repeated failures to comply with discovery requests have been held to justify the ultimate sanction of dismissal of a claim. *Emerick v. Fenick Indus., Inc.,* 539 F.2d 1379, 1381 (5th Cir. 1976).

*Id.* at *8.

### A. The Court' Inherent Power to Punish a Refusal to Comply with a Court Order.

PWA first states that the complete disregard of a clear court order implicates vital public concerns beyond the issues in any particular lawsuit or discovery dispute. This Court has the discretion and the inherent power to enforce its own orders. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). "A primary aspect of that discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Id.* at 44-45. PWA will not presume to suggest whether and how the Court should deal with the conscious decision of the Urban Living Defendants to blatantly ignore the Court's April 8, 2019 Order. PWA's suggestions that follow are based only on what PWA believes is necessary to obtain either the discovery required to present its claims, or such sanctions as are available under Rule 37 to compensate for the Urban Living Defendants' failure to provide that required discovery.

### B.     Preclusion is Appropriate on Matters Where the Defendants Have Not Produced Evidence to Support their Own Defenses.

Certain of the PWA discovery requests covered by the Court's Order concern subjects on which the Urban Living Defendants have the burden of proof, or that they would offer in opposition to PWA's evidence. In particular:

PWA's Interrogatory No. 1 sought information about the townhouse designs used at the Urban Living Defendants' Barletta Project. PWA sought this discovery, in part, to see whether the Urban Living Defendants would claim that those designs were the result of some process other than copying PWA's designs. Since the Urban Living Defendants refuse to provide a meaningful answer to this interrogatory, PWA requests that they be precluded from offering any evidence of how they contend that their townhouse designs were created.

PWA's Request for Production No. 11 sought emails involving former co-defendants Jose Mendoza and his firm, Metro Living. One reason PWA sought these emails is that the Urban

7

Living Defendants have attempted to persuade Mr. Mendoza to falsely state that he had prepared the designs for the Barletta Project townhouses himself, rather than copying them from PWA designs as they actually instructed him to do. *See* Plaintiff's Supplement to Its Motion to Compel (Docket Entry No. 46). PWA requests that the Urban Living Defendants be precluded from offering any emails with Mr. Mendoza or Metro Living to support any claim that their townhouse designs were not copied from PWA's designs.

PWA's Request for Production No. 15 sought all documents and ESI that evidence, substantiate or relate to all expenses and other matters that the Urban Living Defendants contend are properly deductible under 17 U.S.C. § 504(b), a subject on which they have the burden of proof. Preclusion is a particularly appropriate remedy when a party refuses to comply with a discovery order for evidence the party will need to meet its own burden of proof.

A court can enter an order precluding a party from offering or opposing evidence. Fed. R. Civ. P. 37(b)(2)(A)(ii); *Certain Underwriters v. Corp. Pines Realty* 2008 U.S. Dist. LEXIS 73985 at *9. PWA moves that the Court enter an order that the Urban Living Defendants be barred from offering into evidence, in motion practice or at trial, in the form of either documentary evidence, summaries or witness testimony, any evidence that was not already produced in discovery or before the Court as of April 29, 2019, that is responsive to PWA's Interrogatory No. 1 or PWA's Requests for Production Nos. 11 or 15.

    **C.**    **Stronger Measures Are Required When a Party Refuses to Produce Evidence the Opponent Needs to Meet its Burden of Proof.**

Preclusion is not a meaningful remedy when a party refuses to produce evidence that its opponent needs to meet its burden of proof. In this case, PWA contends that Urban Living's distributions of infringing copies of PWA's designs in the form of advertising or marketing materials was not only copyright infringement, but that each distribution was a violation of the

8

Digital Millennium Copyright Act. (Docket Entry Nos. 32 at pp. 12-13, 32-11, 32-12). PWA's Interrogatories Nos. 2 and 7, and Requests for Production Nos. 1 and 4, were directed to the distribution of such infringing copies, without PWA's copyright management information, by means of emails and transmission from the Urban Living web site.

While the Court could strike the pleadings of the Urban Living Defendants, or enter a default judgment against them on PWA's DMCA claim, *see Silva v. Spring Branch I. S. D.*, No. H-16-545, 2017 U.S. Dist. LEXIS 28792 (S.D. Tex. Jan. 24, 2017), such sanctions would not provide PWA or the Court with any evidence of the number of DMCA violations, which is required to determine the total amount of statutory damages under 17 U.S.C. § 1203(c)(3)(B). *See*, *e. g.*, Docket Entry No. 32-12.

In circumstances like these, the Court's power to hold violators in contempt is the most appropriate and effective way to obtain compliance with an ignored and disobeyed court order. Fed. R. Civ. P. 37(b)(2)(A)(vii). "'A party commits contempt when he violates a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order.'" *Hornbeck Offshore Servs., L.L.C.*, 713 F.3d at 792 (quoting *Travelhost, Inc. v. Blandford*, 68 F.3d 958, 961 (5th Cir. 1995)).

Courts have relied on their power to hold parties in contempt to impose a daily monetary fine. *See*, *e.g.*, *In re Grand Jury Subpoena*, 220 F.3d 406 (5th Cir. 2000) ($200,000 per-day sanctions for failure to produce documents in response to grand jury subpoena); *Lamar Fin. Corp. v. Adams*, 918 F.2d 564 (5th Cir. 1990) ($500 per-day fine). Contempt can also be punished by confinement of a disobedient individual, *FDIC v. LeGrand*, 43 F.3d 163 (5th Cir. 1995), until the offending party obeys the court's order. PWA respectfully requests that the Court order the Urban Living Defendants to show cause why they should not be held in contempt.

### D. PWA Requests its Costs and Attorney's Fees.

The Court may also award the requesting party its costs, including attorney's fees, incurred because of discovery abuse and the need to move for sanctions for failure to comply with a court order. Fed. R. Civ. P. 37(b)(2)(C); *Certain Underwriters v. Corp. Pines Realty* 2008 U.S. Dist. LEXIS 73985 at *9. PWA therefore respectfully requests this relief from the Court.

### V. Conclusion

PWA wishes that such measures were not needed. It has always been confident that it will prevail based on the evidence and the law, and the result in the 2018 trial in *PWA v. RZ Enterprises* shows that such confidence is justified. Unfortunately, the result in that case also showed the Urban Living Defendants what happens in a fair trial where PWA obtains at least some of the evidence that only the Urban Living Defendants control. These defendants now know that their best hope of avoiding the consequences of their intentional violation of PWA's rights is to keep PWA from being able to prove how many times they violated the law. When defendants abuse the judicial process to try to escape liability, they give there opponent and the Court little choice.

For all of the foregoing reasons, PWA moves and prays that the foregoing Motion for Sanctions be granted, that the Court impose such sanctions on the Urban Living Defendants as are necessary and just, and that all proceedings in this case be stayed until the Urban Living Defendants have fully complied with all orders of the Court in connection with the April 8, 2019 Order and this Motion for Sanctions.

Respectfully submitted,

/s/ Patrick Zummo
Patrick Zummo
State Bar No. 22293450
Law Offices of Patrick Zummo
909 Fannin, Suite 3500
Houston, Texas 77010
(713) 651-0590
(713) 651-0597 Facsimile
pzummo@zoomlaw.com

Louis K. Bonham
State Bar No. 02597700
Osha Liang L.L.P.
909 Fannin Street, Suite 3500
Houston, Texas 77010
(713) 228-8600 (Telephone)
(713) 228-8778 (Facsimile)
bonham@oshaliang.com

ATTORNEYS FOR PLAINTIFF

**Certificate of Conference**

On the morning of Tuesday, April 30, 2019, my co-counsel, Louis K. Bonham, conferred with Justin Strother, counsel for the Defendants, and asked whether the Defendants would be providing any discovery responses or documents as ordered by the Court on April 8, 2019. Mr. Strother told him that if Plaintiff pointed out what additional discovery responses they wanted, he would look into it. On the same day at 6:23 p.m., I sent an email to Mr. Strother stating that any agreements about ongoing discovery in the pending cases between PWA and the Urban Living Defendants would have to be conditioned on full compliance with the April 8, 2019 Order. Mr. Strother responded that he had misunderstood the hearing and Order, and thought that all of his clients responses had been amended and he had seen no deficiencies. On May 2, 2019, I responded to Mr. Strother's revisions to the agreed order related to the Google LLC subpoena, attached a letter outlining PWA's intention to file a motion for sanctions and asking Mr. Strother to confirm that his clients had not served any new responses or documents since April 8, 2019, and stating: "We are not going to discuss any potential agreements on other discovery or consolidation until either the Court has ruled on the motion for sanctions, or your clients have fully complied with the April 8, 2019 order prior to a hearing on the motion for sanctions." On May 3, 2019, Mr. Strother confirmed that no new responses or documents had been served.

Based on these and other communications, the parties will not be able to agree on any resolution of the failure of the Urban Living Defendants to comply with the Court's April 8, 2019 Order, and the foregoing Motion for Sanctions will have to be ruled on by the Court.

/s/ Patrick Zummo
Patrick Zummo

**Certificate of Service**

A true and correct copy of the foregoing was served on opposing counsel *via* the Court's electronic notification system on May 9, 2019.

/s/ Patrick Zummo
Patrick Zummo